**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DONALD K. MALONE,                          Case No. 1:16-cv-851
        Plaintiff,

                                            Dlott, J.
    vs                                     Bowman, M.J.

JUSTIN HUGHES, *et al.*,                    **REPORT AND**
        Defendants.                        **RECOMMENDATION**


Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action under 42 U.S.C. § 1983.  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d

1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is

immune from suit or when plaintiff claims a violation of a legal interest which clearly does not

exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations

are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at

32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are

"fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d

468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a

claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A

complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent

standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token,

however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to

state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)).  Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S.

at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at

555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement."  *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests."  *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, makes the following factual allegations in the

complaint:

> In 2012 in K6-Cell-2 Mr. Justin Hughes to[]ld me if I keep putting stress on the
> family I will kill you and make it look like a[n] accident.  He's a prison guard at
> SOCF.  His dad's sister Mrs. Brenda Malone is married to my dad's brother Ron
> Malone.  The SOCF administration was protecting his name.

(Doc. 1-1, Complaint at PageID 12).  Plaintiff further alleges that he informed the following

defendants but received no response or help:  Ronald Erdos, Linnea Mahlman, William Cool, C.

Davis, C. Miller, A. Cadogan, D. Price, B. Sparks, David Warren, Mr. Ford, C. Sed, O.

O'Connor, Gary C. Mohr, and Roger Wilson.  (*Id.*).  Plaintiff also indicates that he wrote letters

to Ohio Governor John Kasich, the F.B.I., and Joanna E. Saul, director of the C.I.A, but received

no response.  (*Id.*).  For relief, plaintiff seeks to be released from SOCF and monetary damages.

(*Id.* at PageID 3).

Plaintiff's complaint is subject to dismissal at the screening stage for failure to state a

claim upon which relief may be granted by this Court.   First, to the extent plaintiff seeks to

bring a claim against Hughes based on threats made in 2012, he has failed to state a viable

claim under § 1983, which requires a showing of a deprivation of "a right secured by the

United States Constitution or a federal statute." *See Spadafore v. Gardner*, 330 F.3d 849, 852

(6th Cir. 2003).  It is well-settled that "[v]erbal harassment or idle threats by a state actor do

not create a constitutional violation and are insufficient to support a section 1983 claim for

relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per

curiam) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Chilcott v. Erie

Cnty. Domestic Relations*, 283 F. App'x 8, 11 (3rd Cir. 2008) (and Sixth, Fifth and Tenth

Circuit cases cited therein).  *Cf. Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545–46 (6th Cir.

2004).

In any event, any such claim is also time-barred.  Plaintiff's civil rights complaint is

governed by Ohio's two-year statute of limitations applicable to personal injury claims.  *See,

e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate

statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in

Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two

years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme

Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is

that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281

(6th Cir. 2012) ("the settled practice . . . to adopt a local time limitation as federal law if it is

not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to

*Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides

timeliness rules governing implied damages") (internal citation and quotation marks omitted).

Although the statute of limitations is an affirmative defense, when it appears clear on initial

screening of the complaint that the action is time-barred, the complaint may be dismissed for

failure to state a claim upon which relief may be granted.  *See Jones v. Bock,* 549 U.S. 199, 215 (2007).  *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America,* No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury), *aff'd*, 529 F. App'x 558 (6th Cir. 2013).

Here, it is clear from the face of the complaint that any claim based on Hughes' threat is time-barred.  As noted above, plaintiff claims that Hughes threatened him in 2012 and did not commence this action until August 18, 2016.  Therefore, plaintiff's claims against Hughes are subject to dismissal at the screening stage.

Plaintiff's claims relating to the failure of the remaining defendants to investigate and/or respond to his grievances should also be dismissed.  Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct.  *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir.1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984).

5

Finally, to the extent that plaintiff wishes to hold any of the remaining defendants liable in their supervisory capacity, it is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo,* 499 F. App'x at 455 (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers"). Therefore, in the absence of any such allegation, plaintiff's allegation that the remaining defendants failed to take corrective action after they were notified of Hughes's alleged misconduct is simply insufficient to give rise to an actionable § 1983 claim.

Accordingly, in sum, the complaint should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith

and therefore deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*,

114 F.3d 601 (6th Cir. 1997).


    *s/ Stephanie K. Bowman*

Stephanie K. Bowman
United States Magistrate Judge

7

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DONALD K. MALONE,                                  Case No. 1:16-cv-851
      Plaintiff,

                                   Dlott, J.
  vs                                                 Bowman, M.J.

JUSTIN HUGHES, *et al.*,
      Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof.  That period may be extended further by the Court on timely

motion by either side for an extension of time.  All objections shall specify the portion(s) of the

R&R objected to, and shall be accompanied by a memorandum of law in support of the

objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after

being served with a copy of those objections.  Failure to make objections in accordance with this

procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States

v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8